Charles Threadgill, Pro Se
c/o Huei Dai
35109 11th St.
Union City, CA 94587
threadgill@projectjusticeforall.org

**FILED**
NOV 26 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. THREADGILL, Plaintiff, <br><br> v. <br><br> COUNTY OF SOLANO, et al., Defendants | No. 2:18 CV 3048 CKD PC <br><br> Integrated Motion for Temporary Restraining Order/Preliminary Injunction and Memorandum In Support Thereof (Verified) |

## IMMEDIATE INTERIM RELIEF REQUESTED TO AVOID LOSS OF LIMB AND/OR DOMINANT ARM FUNCTION

Plaintiff Charles Threadgill respectfully requests that the Court issue an order under Fed. R. Civ. P. 65(a) requiring Defendants to provide all medical care required to restore and maintain function in his right arm, to monitor the same for infection and other surgical complications, and to provide palliative care addressing both musculoskeletal and neuropathic pain from his injury — all pending final decision in this matter.

Plaintiff further requests that the Court issue a temporary restraining order providing the above relief, and order Defendants to show cause why such relief should not continue pending decision in this matter.

## Statement of the Case and of Facts

This is a civil rights action seeking injunctive and declaratory relief only, brought under 42 U.S.C. §1983; 42 U.S.C. §12101 et seq.; 29 U.S.C. §794; and the Court's equitable jurisdiction under 28 U.S.C. §§ 1331 and 1343 to enforce the Constitution and laws of the United States. Plaintiff seeks emergency interim relief to address ongoing and irreparable harm to his dominant limb. Absent the Court's intervention, the limb could be lost to surgical complications, or its function could be permanently lost to a degree preventing Plaintiff from continuing his customary employment and supporting his young son. Such loss, in addition to Plaintiff's ongoing serious pain, stem from the unlawful use of a police dog against Plaintiff and from Defendant Solano County's policy and custom of allowing such attack and of failing to train and discipline its law enforcement officers in a way reasonably calculated to prevent such unlawful uses of force under color of authority. However, this action does not address the attack itself. It addresses only Defendants' failure to provide necessary care for the grievous injuries caused by Solano County, and seeks only prospective relief addressing that failure and certain ancillary matters.

The relevant facts are set forth in Plaintiff's verified complaint, and are hereby averred and incorporated by reference.

## Argument

### I. Plaintiff is Threatened With Irreparable Harm Including Loss of Limb and Near-Certain Loss of Function In His Dominant Arm

Mr. Threadgill is currently suffering post-surgical complications including severe swelling and discoloration of his right arm, as well as anomalous heating of the limb that could indicate an infection. He was previously treated for a post-surgical infection that his doctors had advised could require amputation if less invasive treatments proved ineffective. He is now experiencing symptoms very similar to those he suffered when diagnosed with an aggressive infection. The only treatment provided by Defendants in response has been Tylenol and instructions to keep the arm elevated above his heart as much as possible. This failure to treat creates an unacceptably high risk that Mr. Threadgill will lose the arm.

Further, Mr. Threadgill's vascular surgeon ordered that he receive physical therapy to aid recovery and minimize permanent function loss. Defendants have failed to provide the care prescribed. See Estelle v. Gamble, 429 U.S. 97, 105 (1976) (noting that

"intentionally interfering with the treatment once prescribed" amounts to a "deliberate indifference" violation when the medical need is serious). Defendants are not only failing to provide care. They are actively preventing Plaintiff from obtaining it through his private insurance, in defiance of state law aimed at facilitating such private treatment for persons in custody. See Cal. Penal Code §4023.

II. The Balance of the Hardships Tips Sharply in Plaintiff's Favor

Mr. Threadgill faces loss of his dominant limb and even more probable loss of function that will prevent him from returning to his customary employment as a manual laborer. He also will continue to face intermittent severe pain unabated by his current treatment. (Mr. Threadgill is not seeking opiate pain relievers but rather neuropathic palliatives such as Gabapentin.)

Defendants face nothing save being held to account and required to conform their conduct to constitutional and statutory ~~relief~~ requirements. One available means of doing so involves nothing more than providing a security escort while Mr. Threadgill obtains treatment using his private insurance, as provided for in state law. Another even less costly solution would be to drop the meritless charges against Plaintiff that were likely brought as a shield from liability rather than for legitimate

law enforcement reasons.

III. <u>Mr. Threadgill's Claims Will Succeed On Their Merits</u>

Controlling caselaw is unequivocal that a custodian's failure to provide care prescribed for serious medical needs violates the constitution. E.g. Estelle, 429 U.S. at 105; Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc). Under the sliding-scale approach to the <u>Winter</u> factors adopted in the Ninth Circuit, Plaintiff has at an absolute minimum raised serious issues going to the merits, while facing the certain irreparable harm of ongoing constitutional violations committed upon him. See, e.g., American Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009).

IV. <u>The Public Interest Always Favors Upholding Constitutional Rights</u>

A grant of relief serves the public interest because it is always in that interest for custodians to obey the law, and most of all the U.S. Constitution. See, e.g., Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008).

V. <u>Plaintiff Should Not Be Required To Post Security</u>

Mr. Threadgill is an indigent prisoner who will be

homeless when and if he is released, and unable to return to work due to the grisly injury Defendant County of Solano caused to be inflicted on him. It would be inapt on these facts to require security even had Mr. Threadgill the means to post it. The Court has discretion to waive the requirement and should do so. See, e.g., Elliott v. Kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996) (allowing the Fed. R. Civ. P. 65(c) security provision to be waived when justified by the balance of the equities).

## Conclusion

WHEREFORE the Court should grant the relief requested. As it is highly unlikely the Court will endorse and order service of a handwritten proposed order, none is enclosed. Plaintiff respectfully requests that the U.S. Marshal's Service be directed to serve his pleadings and any order of the Court upon Defendants.

I, Charles Threadgill, swear under penalty of perjury that all factual assertions above are true and correct. Done this thirteenth day of November, 2018, in Fairfield, California.

Signed: _____
Charles Threadgill, Pro Se

-6-